IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LAKESIDE 358, LLC, agent of
Lakeside at Town Center Apts.,

                Plaintiff,

    v.

ELDRIDGE COCHRAN and All
Other Occupants,

          Defendant.

CIVIL ACTION FILE NO.

1:18-CV-04929-ODE-JFK

## FINAL REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on Defendant Eldridge Cochran's application to proceed *in forma pauperis*. [Doc. 1]. The court, for the purpose of remand, **GRANTS** Defendant's motion. The court has the responsibility "to review the Defendant's notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded." Upon making this review, the court finds that it does not and recommends remand.

## I.      Background Facts

Plaintiff Lakeside 358, LLC, agent of Lakeside at Town Center Apartments, the owner of real property commonly known as 425 Williams Drive, Apt. 124, Marietta, Georgia 30066, filed a proceeding against tenant holding over in the Magistrate Court of Cobb County, Georgia, on or about October 18, 2018, against Defendant Eldridge Cochran and all other occupants for failure to pay rent which is now past due.  [Doc. 1-1 at 3 ("Dispossessory Proceeding")].  On October 25, 2018, Defendant filed a notice of removal and federal stay.  [Removal].

## II.     Discussion

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  See also Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").  "[I]n removal

2

cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists."  Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).  "[U]ncertainties are resolved in favor of remand."  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant bases his petition for removal of Plaintiff's dispossessory proceeding on the court's federal question jurisdiction, citing 28 U.S.C. § 1334[1], 15 U.S.C. § 1692 and 42 U.S.C. § 3631, as grounds for removal.  [Removal].  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . .  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987) (citations omitted).  Potential defenses involving the Constitution or laws of the United States are ignored.  Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003).

---

[1]Jurisdiction under § 1334 is based on bankruptcy cases and proceedings.  See 28 U.S.C. § 1334.  Defendant, however, alleged absolutely no facts that would afford federal jurisdiction under this statute.  [Removal].  This ground for removal will not be further addressed.

In the present case, Plaintiff relied exclusively on state law when filing the dispossessory action in the Magistrate Court of Cobb County.   [Dispossessory Proceeding].  A dispossessory action is brought pursuant to O.C.G.A. § 44-7-50.  See Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010); Ikomoni v. Executive Asset Management, LLC, 309 Ga. App. 81, 84, 709 S.E.2d 282, 286 (March 16, 2011) ("'The *exclusive* method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 *et seq*.'") (citation omitted) (emphasis added); see Fennelly v. Lyons, 333 Ga. App. 96, 100, 775 S.E.2d 587, 592 (2015) (same).  "This is an action for possession of premises and past due rent, which are decidedly state-law claims."  Retreat LLC v. Chisolm, 2018 WL 3080085, at *4 (N.D. Ga. May 23, 2018), report and recommendation adopted by, 2018 WL 3067843 (N.D. Ga. June 20, 2018).  Defendant alleges that removal is proper on the basis of federal question jurisdiction, and in the Notice of Removal, he summarily asserts that Plaintiff violated the Fair Housing Act, 42 U.S.C. § 3631, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1592, in bringing the dispossessory action.  [Removal].  However, no federal question is presented on the face of Plaintiff's well-pleaded complaint.  [Dispossessory Proceeding].  And, "[t]o the extent that Defendant is trying to assert as a defense that

4

Plaintiff violated the FDCPA or § 3631, . . . a federal question presented as a defense is not a proper basis for removal of a state-court complaint to federal court." <u>Chisolm</u>, 2018 WL 3080085, at *4; <u>and see</u> <u>Snellings v. Smith</u>, 2017 WL 1396172, at *2 n.3 (N.D. Ga. April 19, 2017) (finding general allegation of denial of fair housing rights insufficient under 28 U.S.C. § 1443 to remove dispossessory action); <u>Myers Team Mgmt. v. Manning</u>, 2017 WL 117141, at *2 n.3 (N.D. Ga. January 12, 2017) (same) (listing cases); <u>BRK Nesbit Ferry, L.P. v. Sherman</u>, 2017 WL 8186621, at *2 (N.D. Ga. January 10, 2017), <u>report and recommendation adopted by</u>, 2017 WL 8186710 (N.D. Ga. February 8, 2017) (same).[2]

Finally, there is also no evidence which warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption. <u>Caterpillar</u>, 107 S. Ct. at 2430.

Furthermore, there is no evidence that Defendant could establish jurisdiction based on diversity.  To do so, Defendant would have to show that there is complete diversity of citizenship between Defendant and Plaintiff and that the amount in controversy exceeds $75,000.00.  <u>See</u> 28 U.S.C. § 1332(a)(1).  Defendant offers no evidence of diversity of citizenship and, in fact, on the Civil Cover Sheet, indicates that

---

[2]"The court also notes that 42 U.S.C. § 3631 is a criminal statute[] and does not afford Defendant a private right of action."  <u>Chisolm</u>, 2018 WL 3080085, at *4 n.6.

he and Plaintiff are citizens of the State of Georgia.  [Doc. 1-2].  And, as to damages, Plaintiff's dispossessory proceeding seeks the ejectment of Defendant from the property due to failure to pay past due rent of approximately $1,344.39 and rent accruing to the date of judgment or vacancy at a rate of $45.87 per day with other fees and costs of the action totaling less than $1,000.00.  [Dispossessory Proceeding]. Again, the court looks to Plaintiff's claim to determine whether removal jurisdiction is appropriate.  See Burns, 31 F.3d at 1095; Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001).  The face of the complaint shows that the amount in controversy does not exceed the $75,000.00 required for the court to have diversity jurisdiction as a basis for removal.

For these reasons, the court finds that federal jurisdiction does not exist and that this action should be remanded pursuant to 28 U.S.C. § 1447(c).

To the extent that Defendant seeks a stay of the dispossessory proceedings and/or eviction, he is not entitled to a stay.  See American Homes 4 Rent Properties Eight, LLC v. Dynott, 2015 WL 5920130, at *2 & n.4 (N.D. Ga. October 8, 2015) (denying the defendant's motion to stay state court dispossessory proceedings as moot because court lacked subject-matter jurisdiction and noting that, "[e]ven if subject-matter jurisdiction existed, the Court [would be] unable to grant Defendant the relief he seeks - a stay of state court eviction proceedings - because a federal court is

6

prohibited under the Anti-Injunction Act . . . from enjoining a state court eviction proceeding"); U.S. Bank National Ass'n v. Sanders, 2015 WL 1568803, at *3 (N.D. Ga. April 7, 2015) ("Because this action is required to be remanded, Defendant's . . . Motion to Stay . . . [should be] denied."); and see CF Lane, LLC v. Stephens, 2014 WL 1572472, at *2 (N.D. Ga. April 17, 2014) ("this Court cannot enjoin a state court action for eviction").

## III.  Conclusion

Accordingly, because Defendant Cochran failed to demonstrate any lawful basis for removal of this action to this court, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Cobb County where it was last pending.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

**SO RECOMMENDED**, this 29th day of October, 2018.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)